UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GULFSTREAM AEROSPACE CORPORATION,**

    **Plaintiff,**

v.                                   **Case No. 8:20-cv-1147-T-23AAS**

**GULFSTREAM UNSINKABLE BOATS, LLC,**

    **Defendant.**
_____/

## ORDER

Gulfstream Aerospace Corporation (GSA) moves to strike Gulfstream Unsinkable Boats, LLC's (GUB) fifth affirmative defense (Doc. 26). GUB opposes the motion. (Doc. 29).

### I. BACKGROUND

GSA brought this Lanham Act trademark infringement and unfair competition action against GUB for its alleged misuse of the "gulfstream" trademark. (Doc. 1). GUB answered the complaint and asserted five affirmative defenses. (Doc. 22). GUB's fifth affirmative defense states:

> GUB's use of the "Gulfstream" mark are [sic] within fair use and it is using the mark, not in a trademark sense to in any way refer to GSA, a company with a history of highly publicized airline crashed [sic] and deaths associated with its products, but rather in a descriptive sense that refers to the Gulfstream [sic] oceanic current that is intimately related to boating, fishing and aquatic pursuits.

(*Id.* at pp. 8-9).

1

GSA argues GUB's fifth affirmative defense does not constitute a fair use defense and inappropriately refers without support to airline crashes and deaths associated with GSA. (Doc. 26). GUB responds GSA's motion is a premature attack on GUB's fair use defense and GUB's allegation about past airline crashes supports GUB's defense. (Doc. 29).

## II.  LEGAL STANDARD

Under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citations omitted).

Although "an affirmative defense may be stricken if it is legally insufficient, ... striking a defense is a drastic remedy, which is disfavored by the courts." *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *1 (M.D. Fla. July 21, 2011) (citations and internal quotation marks omitted); *see also Somerset Pharm., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (stating that motions to strike are not favored and are often considered "time wasters"). "'An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Adams*, 2011 WL 2938467, at *1 (citation omitted). "Moreover, '[a]n affirmative

defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove.'" *Id.* (citation omitted).

## III. ANALYSIS

The Lanham Act prohibits the use in commerce of a registered mark, without the consent of the registrant, where "such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(a). The Lanham Act also includes several defenses, including the fair use defense. This defense requires the party alleged to have infringed upon a registered mark to prove:

> [t]hat the use of the name, term, or device charged to be an infringement is a use, otherwise than as a mark, of the party's individual name in his own business, or of the individual name of anyone in privity with such party, or of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of such party, or their geographic origin.

15 U.S.C. § 1115(b)(4).

The Eleventh Circuit held that a defendant satisfies Section 1115(b)(4) by proving that its use is (1) other than as a mark, (2) in a descriptive sense, and (3) in good faith. *Int'l Stamp Art, Inc. v. United States Postal Ser.*, 456 F.3d 1270, 1274 (11th Cir. 2006). "The 'fair use' defense, in essence, forbids a trademark registrant to appropriate a descriptive term for [its] exclusive use and so prevent others from accurately describing a characteristic of their goods." *Soweco, Inc. v. Shell Oil Co.*,

3

617 F.2d 1178, 1185 (5th Cir. 1980).[1]

GUB's fifth affirmative defense satisfies the pleading requirements of the fair use defense under Section 1115(b)(4). At this stage, the facts are not sufficiently developed for the court to resolve and rule on the factual issues surrounding GUB's fair use defense. *See Land's End at Sunset Beach Cmty. Assoc., Inc. v. Land's End Acquisition Corp.*, No: 8:16-cv-828-T-17JSS, 2016 WL 9526680, at *8 (M.D. Fla. Nov. 7, 2016). That said, GUB's allegation that GSA has a "history of highly publicized airline crashed [sic] and deaths" in support of this defense is frivolous. *See Pycsa Panama, S.A. v. Tensar Earth Techs., Inc.*, No. 1:06-cv-20624, 2006 WL 8432715, at *8 (S.D. Fla. Dec. 20, 2006) (striking allegations in the complaint that have no bearing on any of the claims and are prejudicial). This statement has no bearing on GUB's defense and is prejudicial.

Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." *Stephens v. Ga. DOT*, 134 F. App'x 320, 322 (11th Cir. 2005); *see also Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 664 (7th Cir. 1992) ("Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice."). While the court will not strike the GSA's fifth affirmative defense in its

---

[1] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

4

entirety, the immaterial and prejudicial portions of the defense are due to be stricken.

## IV.  CONCLUSION

GSA's motion to strike GUB's fifth affirmative defense (Doc. 26) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted to the extent that the portion of GUB's fifth affirmative defense alleging "a history of highly publicized airline crashed [sic] and deaths" is stricken. Otherwise, the motion is denied.

**ORDERED** in Tampa, Florida, on October 16, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge