UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**GULFSTREAM AEROSPACE
CORPORATION,**

 **Plaintiff,**
v.               **Case No. 8:20-cv-1147-T-23AAS**

**GULFSTREAM UNSINKABLE
BOATS, LLC,**

 **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Gulfstream Aerospace Corporation (GSA) moves for partial summary judgment. (Doc. 30). Gulfstream Unsinkable Boats, LLC's (GUB) opposes the motion. (Doc. 33). The court **RECOMMENDS** GSA's motion be **GRANTED in part and DENIED in part**.

**I. BACKGROUND**

GUB owned a trademark registration obtained from the United States Patent and Trademark Office for GULFSTREAM UNSINKABLE BOATS and sought registration for the marks GULFSTREAM YACHTS and GULF STREAM YACHTS. (Doc. 1-2). Asserting claims of likelihood of confusion, dilution, fraud, and void ab initio, GSA opposed the registration and petitioned to cancel the registered mark GULFSTREAM UNSINKABLE BOATS. (*Id.*). The Trademark Trial and Appeal Board of the United States Patent and Trademark Office (the Board) granted GSA's

1

opposition to registration of the marks GULFSTREAM YACHTS and GULF STREAM YACHTS. (*Id.*). The Board also canceled GUB's registration of GULFSTREAM UNSINKABLE BOATS due to a likelihood of confusion between GSA's and GUB's marks.[1] (*Id.*). The Board denied as moot GSA's claims of dilution, fraud, and void ab initio. (*Id.*).

GSA brings this Lanham Act trademark infringement and unfair competition action against GUB and alleges misuse of the GULFSTREAM trademark. (Doc. 1). GSA seeks damages and injunctive relief. (*Id.*). GUB asserts five affirmative defenses, including fair use. (Doc. 22). After conducting a preliminary pretrial conference, the court delayed entering a case management and scheduling order to allow GSA to "move for judgment on the question of issue preclusion."[2] (Doc. 28).

GSA now moves for partial summary judgment in its favor on liability and on GUB's five affirmative defenses. (Doc. 30). GUB responds that GSA's motion extends the court's permitted motion beyond issue preclusion and is procedurally improper. (Doc. 33, pp. 4-5). GUB also argues GSA fails to show that GUB's affirmative defenses

---

[1] The Board record is available at https://ttabvue.uspto.gov/ttabvue/ under Opp. No. 91233257. The court may take judicial notice of these filings. *See CFA Inst. v. Am. Soc'y of Pension Professionals & Actuaries*, No. 19-cv-00012, 2019 WL 1983062, at *1, n.1 (W.D. Va. May 3, 2019) ("Though the parties have not appended all relevant filings from the Opposition proceeding to their briefs, I nonetheless take judicial notice of these filings, which are publicly available on the [United States Patent and Trademark Office]'s website.").

[2] The court indicated GSA's motion for partial summary judgment on the preliminary question of issue preclusion would not prohibit GSA from later moving for summary judgment on other issues, if warranted. (Doc. 28).

2

are legally insufficient. (*Id.*, pp. 6-11).

## II.  STANDARD

An order granting summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Thus, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The non-moving party must then show the court "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

## III.  ANALYSIS

The doctrine of issue preclusion provides "the determination of a question directly involved in one action is conclusive as to that question in a second suit." *B&B Hardware v. Hargis Indus., Inc.*, 575 U.S. 138, 147 (2015) (quoting *Cromwell v. County of Sac*, 94 U.S. 351, 354 (1877)). "Once a court has decided an issue, it is 'forever settled as between the parties,' thereby 'protect[ing]' against 'the expense and

vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent verdicts.' In short, 'a losing litigant deserves no rematch after a defeat fairly suffered.'" *Id.* (internal citations omitted). Issue preclusion "traditionally requires that the issue in the second suit be: 1) identical to an issue in the former action, 2) actually litigated and determined by the parties, and 3) necessarily so determined." *Richardson v. Alabama State Bd. of Educ.*, 935 F.2d 1240, 1245 (11th Cir. 1991).

The Board made two relevant findings: GSA owns prior rights in the GULFSTREAM marks, and GUB's marks were likely to cause consumer confusion. (Doc. 1-2). GUB does not dispute GSA's standing or priority to the GULFSTREAM marks. (Doc. 33, p. 4). GUB also acknowledges "the preclusive effect pursuant to *B & B Hardware, Inc. v. Hargis Indus., Inc.*" on the issue of the likelihood of confusion between the parties' marks but "such a finding did not address in any way GUB's affirmative defenses or the critical issue of fair use." (*Id.*).

GSA's motion requests summary judgment in its favor on liability and each of GUB's affirmative defenses. (Doc. 30). GSA's motion goes beyond the court's authorization for GSA to "move for judgment on the [limited] question of issue preclusion." (*See* Doc. 28). Thus, the court should grant GSA's motion only to the extent that it precludes the parties from litigating standing or priority and whether the marks are likely to cause consumer confusion. The court should deny GSA's premature request for a finding on liability and GUB's affirmative defenses.

## IV. CONCLUSION

GSA's motion for partial summary judgment (Doc. 30) should be **GRANTED in part and DENIED in part**. GUB should be precluded from litigating the Board's findings, but consideration of summary judgment on liability and GUB's affirmative defenses is premature.

**RECOMMENDED** in Tampa, Florida, on November 18, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.