UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GULFSTREAM AEROSPACE
CORPORATION,

    Plaintiff,

v.                                Case No. 8:20-cv-1147-T-KKM-AAS

GULFSTREAM UNSINKABLE
BOATS, LLC,

    Defendant.
_____/

## ORDER

Plaintiff Gulfstream Aerospace objects to the Magistrate Judge's Report and Recommendation (Doc. 39), which recommends granting-in-part and denying-in-part Gulfstream Aerospace's motion for partial summary judgment (Doc. 36). Defendant Gulfstream Unsinkable opposes Gulfstream Aerospace's objections. (Doc. 40).

Specifically, the Magistrate Judge recommended granting partial summary judgment to the extent that Gulfstream Unsinkable should be precluded from litigating the Trademark Trial and Appeal Board's (TTAB) findings that Gulfstream Aerospace owns prior rights in the Gulfstream marks and that Gulfstream Unsinkable's marks were likely to cause confusion. (Doc. 36 at 5). The Magistrate Judge recommended denying partial summary judgment as premature "on liability" and on Gulfstream Unsinkable's "affirmative defenses." (*Id.*).

Because the TTAB's opinion precludes Gulfstream Unsinkable from relitigating the findings of priority and likelihood of confusion, Gulfstream Aerospace is entitled to summary judgment on Gulfstream Unsinkable's first, second, and third affirmative defenses—all of which challenge the likelihood of confusion finding by the TTAB. But Gulfstream Aerospace's objections will be overruled regarding a finding of liability as to Gulfstream Unsinkable's fourth and fifth affirmative defenses that raise the issues of waiver, estoppel, acquiescence, or fair use. As a result, the Report and Recommendation is due to be adopted-in-part.

## Legal Standard

If a party objects to portions of a magistrate judge's report and recommendation within fourteen days after receiving that report, the district judge reviews those objected-to portions de novo. 28 U.S.C. § 636(b)(1)(C). The district judge may accept, reject, or modify the magistrate judge's findings or recommendations. *Id.*

If a party is properly informed of the time period for objecting to a report and recommendation and about the consequences on appeal for failing to object, then that party waives the right to challenge on appeal the district court's order based on "unobjected-to factual and legal conclusions." *Harrington v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191 (11th Cir. 2020) (discussing Eleventh Circuit Rule 3-1).

## Analysis

Gulfstream Unsinkable did not object to the Magistrate Judge's recommendation

2

that summary judgment should be granted to the extent that the TTAB's decision on priority and likelihood of confusion has preclusive effect in this case. A de novo review also supports the Magistrate Judge's recommendation on this issue. *See B&B Hardware v. Hargis Indus.*, 135 S. Ct. 1293 (2015). Consequently, that portion of the recommendation is adopted in full.

In its objections, Gulfstream Aerospace contends that the TTAB's finding of likelihood of confusion compels summary judgment on all five of Gulfstream Unsinkable's affirmative defenses. (Doc. 39 at 2). According to Gulfstream Aerospace, Gulfstream Unsinkable's first four affirmative defenses contest the likelihood of confusion between the parties' trademarks—an issue the TTAB already decided. (*Id.* at 8–10). As for the fifth affirmative defense of fair use, Gulfstream Aerospace argues that a trademark cannot be descriptive fair use and therefore fails as a matter of law. (*Id.* at 21–25). Gulfstream Aerospace therefore concludes that the Court should grant summary judgment on the issue of liability and proceed directly to the remedies stage. (*Id.* at 17).

Gulfstream Unsinkable responds that the TTAB did not address Gulfstream Unsinkable's affirmative defenses "or the critical issue of fair use for a finding of liability for trademark infringement under the Lanham Act." (Doc. 40 at 5). According to Gulfstream Unsinkable, summary judgment on its affirmative defenses is improper and premature because the parties have conducted no discovery. (*Id.* at 6). And Gulfstream

Unsinkable argues that Gulfstream Aerospace failed to prove that the TTAB's decision precludes Gulfstream Unsinkable's affirmative defenses or that those defenses are legally insufficient. (*Id.* at 7–14). Unsurprisingly, Gulfstream Unsinkable asks the Court to overrule Gulfstream Aerospace's objections. (*Id.* at 14).

As a preliminary matter, "[a]n affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." *Wright v. Southland Corp.*, 187 F.3d 1287, 1303 (11th Cir. 1999). In other words, a defense that "points out a defect in the plaintiff's prima facie case is *not* an affirmative defense"—even if the defendant labels it as one. *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) (emphasis added).

Gulfstream Aerospace brings claims against Gulfstream Unsinkable for trademark infringement and unfair competition under the Lanham Act.[1] (Doc. 1). To establish a prima facie case for trademark infringement, a plaintiff must prove "(1) that its mark has priority and (2) that the defendant's mark is likely to cause consumer confusion." *Lone Star Steakhouse v. Longhorn Steaks*, 122 F.3d 1379, 1382 (11th Cir. 1997). If one of Gulfstream Unsinkable's defenses attacks Gulfstream Aerospace's prima facie case, it—by definition—is not an affirmative defense. *See In re Rawson Food Serv., Inc.*,

---

1 The same elements apply to both claims under the Lanham Act. *Chanel, Inc. v. Italian Activewear of Fla, Inc.*, 931 F.2d 1472, 1475 n.3 (11th Cir. 1991) (analyzing claims for trademark infringement and unfair competition coextensively).

846 F.2d at 1349. And because Gulfstream Unsinkable concedes that issue preclusion applies to priority and likelihood of confusion, Gulfstream Aerospace is entitled to summary judgment on any defense (however labeled) that attacks Gulfstream Aerospace's prima facie case. *See* (Doc. 40 at 4).

### First, Second, and Third "Affirmative" Defenses

Gulfstream Unsinkable's first "affirmative" defense states that "no likelihood of confusion, mistake, or deception" exists. (Doc. 22 at 7). The second "affirmative" defense contends that "Gulfstream" is not "widely recognized by the general consuming public" as a designation of Gulfstream Aerospace goods other than aircrafts. (Doc. 22 at 8). And the third "affirmative" defense argues that Gulfstream Aerospace's "use of the mark 'Gulfstream' is limited to aircraft and related aircraft products;" many third parties use Gulfstream for products other than aircraft; Gulfstream Aerospace, although aware of those third-party uses, takes no action against those third parties; and Gulfstream Aerospace "is not entitled to substantially exclusive use of the word 'Gulfstream.'" (Doc. 22 at 8). All three of the above resist the obvious import of the TTAB's conclusive finding of likelihood of confusion. *See* (Doc. 1-2 at 10–27). Moreover, at oral argument before the Court (Doc. 44), Gulfstream Unsinkable relented, conceding that these are indeed attacks on the TTAB decision and thus precluded.

As such, summary judgment is appropriate on the first three affirmative defenses

because they attack an established prima facie case for trademark infringement.

### Fourth Affirmative Defense

Gulfstream Unsinkable's fourth affirmative defense pleads estoppel, acquiescence, and waiver with regard to Gulfstream Aerospace's enforcement against "numerous third-party common law and PTO registered uses of 'Gulfstream' outside of aircrafts and related aircraft products." (Doc. 22 at 8).

Estoppel by laches is an affirmative defense to a trademark-infringement claim. *See Conagra, Inc. v. Singleton*, 743 F.2d 1508, 1512 (11th Cir. 1984); *Kason Indus. v. Component Hardware Grp.*, 120 F.3d 1199, 1203 (11th Cir. 1997); *see also Angel Flight of Ga. v. Angel Flight Am.*, 522 F.3d 1200, 1207 (11th Cir. 2008). To prevail on an estoppel by laches theory, the defendant must prove "(1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." *Kason Indust.*, 120 F.3d at 1203.

Acquiescence is also an affirmative defense to a trademark-infringement claim. *See Conagra*, 743 F.2d at 1516; *see also Angel Flight of Ga.*, 522 F.3d at 1207. To succeed on an acquiescence defense, the defendant must prove "(1) the senior user actively represented that it would not assert a right or a claim; (2) the delay between the active representation and assertion of the right or claim was not excusable; and (3) the delay caused the defendant undue prejudice." *Pandora Jewelers 1995 v. Pandora Jewelry, LLC*, 703 F. Supp. 2d 1307, 1314 (S.D. Fla. 2010) (Cooke, J.) (citing *Coach House Rest. v. Coach and*

6

*Six Rests., Inc.*, 934 F.2d 1551, 1558 (11th Cir. 1991)).

Both estoppel and acquiescence constitute personal defenses. *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1078 n.11 (5th Cir. 1997). Gulfstream Aerospace complains that Gulfstream Unsinkable failed to allege facts to support the enforcement of the trademark against it compared to enforcement against third parties. (Doc. 30 at 20). But affirmative defenses likely need not be supported with the same factual allegations as required for claims for relief under Federal Rule of Civil Procedure 8(a). *See Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *1–2 (S.D. Fla. Apr. 26, 2013) (Rosenbaum, Mag. J.).

Rule 8(a)(2) requires a claim for relief to contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." (emphasis added). In contrast, Rule 8(c) requires responding parties simply to "affirmatively *state* any avoidance or affirmative defense." (emphasis added). These textual differences between Rule 8(a)(2) and Rule 8(c) suggest that the *Iqbal-Twombly* pleading standard, which governs claims for relief, is inapplicable to affirmative defenses. *See Ramnamrine*, 2013 WL 1788503, at *2–3. This is because "stating" means to set forth in words or declare, while "showing" means to prove by reason or procedure. *See id.* at *3 (discussing the definitions of "to state" and "to show" under *The American Heritage Dictionary*). As a result, Rule 8(c) appears to impose a lessened pleading standard, one more akin to notice. *See id.* at *2–3. The Court therefore joins other lower courts that conclude affirmative defenses need

7

give only notice to the plaintiff. *See id.*, at *3; *see also Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 681–82 (S.D. Fla. 2015) (Moore, C.J.) (discussing how a lower pleading standard for affirmative defenses is consistent with Eleventh Circuit caselaw); *Business Guides, Inc. v. Chromatic Commcn's Enter., Inc.*, 498 U.S. 533, 540–41 (1991) ("As with a statute, our inquiry is complete if we find the text of the [Federal] Rule [of Civil Procedure] to be clear and unambiguous."). Because Gulfstream Unsinkable's pleading of estoppel and acquiescence sufficiently notify Gulfstream Aerospace of those affirmative defenses, they satisfy Rule 8 (and will not be struck under Rule 12(f), a result which plaintiff never sought in any event).

Waiver is likewise an affirmative defense. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320–21 (11th Cir. 1999); *ClassroomDirect.com, LLC v. Draphix, LLC*, 314 F. App'x 169, 176 (11th Cir. 2008).[2] To prove waiver, the defendant must show that the plaintiff

---

[2] Gulfstream Aerospace argues that a waiver defense is unavailable in trademark cases and thus fails as a matter of law. (Doc. 39 at 11). The Eleventh Circuit has adopted a concurrence by Judge Birch, who noted that waiver "has no trademark roots." *SunAmerica Corp. v. Sun Life Assur. Co. of Ca.*, 77 F.3d 1325, 1344 n.7 (11th Cir. 1996). But that statement may very well be dicta. *See, e.g.*, *Flowers Bakeries Brands, Inc. v. Interstate Bakeries Corp.*, No. 1:08-CV-2376-TWT, 2010 WL 2662720, at *11 n.3 (N.D. Ga. June 30, 2010) (Thrash, C.J.) (classifying as dicta the Eleventh Circuit's statement that "waiver has no trademark roots").

What is more, the Eleventh Circuit—despite recognizing its footnote from *SunAmerica*—proceeded to analyze the evidence supporting a waiver defense in *Commodores Entertainment Corporation v. McClary*, 879 F.3d 1114, 1142 (11th Cir. 2018). *See also Weaver*, 169 F.3d at 1321 (considering whether evidence supported the affirmative defense of waiver). Actions speak louder than dicta. These cases counsel in favor of permitting a waiver defense, at least at this stage. *See Pinnacle Advert. and Mktg. Grp., Inc. v. Pinnacle Advert. and Mktg. Grp., LLC*, No. 18-CV-81606-MIDDLEBROOKS, 2019 WL 7376779, at *7 (S.D. Fla. Sept. 19, 2019) (Middlebrooks, J.) ("Although the *Commodores* Court reiterated that waiver has no trademark roots, it did not hold that waiver is never applicable to a Lanham Act claim.").

intended to relinquish its right to a mark. *Am. Historic Racing Motorcycle Ass'n, Ltd. v. Team Obsolete Promotions*, 33 F. Supp. 2d 1000, 1007 (M.D. Fla. 1998) (Sharp, J.) (citing *Palmer v. Fuqua*, 641 F.2d 1146, 1160 (5th Cir. 1981)).

Gulfstream Aerospace argues that issue prelusion on likelihood of confusion bars Gulfstream Unsinkable from arguing estoppel, acquiescence, and waiver. *See* (Doc. 39, p. 10). This argument fails because nowhere in its decision does the TTAB expressly address estoppel, acquiescence, or waiver. (Doc. 1-2). Gulfstream Aerospace highlights that the TTAB found of "little probative weight" a single declarant who attested that a handful of other boats with a name "Gulfstream" have been listed for sale. (*Id.* at 13–14). That comment alone by the TTAB does not indicate that these defenses were actually litigated and necessarily decided, and Gulfstream Aerospace's papers do not demonstrate why that is so. *Cf. Cunningham v. Laser Golf Corp.*, 222 F.3d 943, 946 (Fed. Cir. 2000) (stating that the TTAB need consider only likelihood-of-confusion factors for which evidence is submitted).

In short, summary judgment on Gulfstream Unsinkable's fourth affirmative defense, which pleads estoppel, acquiescence, and waiver, may very well be appropriate, but not yet. Success in establishing any of these defenses, which will require limited discovery, could preclude judgment in Gulfstream Aerospace's favor. Moreover, in a subsequent motion for summary judgment, Gulfstream Aerospace may raise the preclusive effect of the TTAB decision as to any of the three defenses listed in the

fourth affirmative defense and the availability of waiver as a matter of law.

### Fifth Affirmative Defense

For its fifth affirmative defense, Gulfstream Unsinkable argues that its use of the "Gulfstream" mark is within fair use and Gulfstream Unsinkable "is using the mark, not in a trademark sense . . . but rather in a descriptive sense that refers to the Gulfstream oceanic current that is intimately related to boating, fishing, and aquatic pursuits." (Doc. 22, pp. 8–9).

The fair use defense allows "the use of a name or term, other than as a trademark, that is descriptive and is used fairly and in good faith only to describe the goods." 15 U.S.C. § 1115(b)(4); *Beer Nuts, Inc. v. Clover Club Foods Co.*, 711 F.2d 934, 937 (10th Cir. 1983). Fair use is a quintessential affirmative defense in a trademark case as it does not bear on the likelihood of confusion. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 118–20 (2004) ("If a plaintiff succeeds in making a prima facie case of trademark infringement, including the element of likelihood of consumer confusion, the defendant may . . . raise an affirmative defense [including fair use] to bar relief even if the prima facie case is sound.").

Gulfstream Aerospace rightly notes that fair use is unavailable "if the alleged descriptive use is in fact a trademark use." *Beer Nuts Inc.*, 711 F.2d at 937; *see* (Doc. 39 at 13). But Gulfstream Unsinkable strongly contests that point, and the Court will permit it to conduct limited discovery on the issue. That said, the Court agrees with

10

Gulfstream Aerospace that the Answer and Affirmative Defenses constitute judicial admissions, and Gulfstream Unsinkable must navigate how it is bound by those admissions in any future dispositive motion papers.

## Conclusion

Courts should generally not grant summary judgment until the party opposing the motion has had a chance to conduct discovery. *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 843 (11th Cir. 1989); *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870–71 (11th Cir. 1988). Accordingly, the parties may obtain discovery relevant to the Fourth and Fifth Affirmative Defenses that are not precluded as a matter of law by the TTAB's findings. Fed. R. Civ. P. 26(b)(1). This path forward is supported by the Eleventh Circuit's approach, which regularly reviews whether record evidence— presumably obtained through discovery—supports the affirmative defenses at issue. *See Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1277 (11th Cir. 2006) (finding "no evidence in the record" to support fair-use defense); *Kason Indus.*, 120 F.3d at 1207 ("On the record submitted . . . we cannot say as a matter of law that laches bars any claim."); *Weaver*, 169 F.3d at 1321 ("We have fully considered the record evidence cited by Weaver in support of his affirmative defenses of waiver and estoppel."); *see also Conagra*, 743 F.2d at 1516 (discussing evidence relevant to acquiescence).

Because the TTAB's decision on priority and likelihood of confusion bars relitigating those issues, summary judgment is appropriate on Gulfstream Unsinkable's

first, second, and third "affirmative" defenses—all of which attack Gulfstream Aerospace's established prima facie case for trademark infringement. But summary judgment on Gulfstream Unsinkable's fourth and fifth affirmative defenses is premature.

Accordingly, the following is **ORDERED**:

1. The Report and Recommendation (Doc. 36) is **ADOPTED-IN-PART**.

2. Gulfstream Aerospace's motion for partial summary judgment (Doc. 30) is **GRANTED-IN-PART** to the extent that issue preclusion applies to the TTAB's decision on priority and likelihood of confusion. Gulfstream Aerospace's motion is also **GRANTED-IN-PART** against Gulfstream Unsinkable's first, second, and third "affirmative" defenses. Gulfstream Aerospace's motion is otherwise **DENIED without prejudice**. Gulfstream Aerospace may renew its motion for summary judgment on Gulfstream Unsinkable's remaining affirmative defenses after discovery.

3. Consistent with the order dated July 23, 2020 (Doc. 28), the parties must conduct a supplemental case management conference within fourteen days of this order. An amended Case Management Report is due within seven days after the case management conference. As instructed at the hearing on March 24, 2021, the parties should be mindful of the limited discovery needed in suggesting deadlines given the TTAB's binding

conclusions on priority and likelihood of confusion.

**ORDERED** in Tampa, Florida, on March 29, 2021.

Kathryn Kimball Mizelle
United States District Judge