# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GULFSTREAM AEROSPACE
CORPORATION,

    Plaintiff,

v.                         Case No. 8:20-cv-1147-KKM-AAS

GULFSTREAM UNSINKABLE
BOATS, LLC,

    Defendant.
_____/

## ORDER

Plaintiff Gulfstream Aerospace Corporation (GSA) moved to compel Defendant Gulfstream Unsinkable Boats, LLC (GUB) to respond to GSA's First Set of Interrogatories. (Doc. 61). The court took GSA's motion under advisement and directed the parties to confer and file a notice advising whether and to what extent the motion was resolved. (Doc. 62).

According to the notice, these issues remain unresolved: (1) GUB's responses to Interrogatory Nos. 1-5 and 10-11 stating the requests are premature; and (2) GUB's objections or responses to Interrogatory Nos. 2, 11, and 13. (*See* Doc. 63). GUB responded in opposition to GSA's motion to compel and notice. (Doc. 64).

### A.   GSA's Interrogatory Nos. 1-5, and 10-11

GUB responded to Interrogatory Nos. 1-5 and 10-11 that "[d]iscovery in this matter has just begun and GUB is unable to identify all such facts at this time and such a request is objectionable and improper." (Doc. 63, Ex. 1, pp. 5-6). GUB agrees to revise its responses to Interrogatory Nos. 1-5, and 10-11 and remove any objections about discovery being at its inception or ongoing discovery as a basis for an inability to identify facts relating to such responses, subject to GUB's right to supplement its responses if new information is learned. (Doc. 64, p. 3). As such, this issue is moot.

### B.   GUB's objection or response to GSA's Interrogatory Nos. 2, 11, and 13

#### 1.   Interrogatory No. 2

GSA's Interrogatory No. 2 requests "all facts that support [GUB's] Affirmative Defense No. 5."[1] (Doc. 63, Ex. A, p. 5). GUB responded that "GUB has used the Gulfstream and/or Gulf Stream mark in a manner that is descriptive of the geographic location of the origin of its products and also of the quality of its boats as being unsinkable in the gulfstream current and with direct reference to the famous ocean current in fair use." (*Id.* at pp. 5-6). GSA

---

[1] GUB's fifth affirmative defense states, "GUB's use of the "Gulfstream" mark are within fair use and it is using the mark, not in a trademark sense to in any way refer to GSA, a company with a history of highly publicized airline crashed and deaths associated with its products, but rather in a descriptive sense that refers to the Gulfstream oceanic current that is intimately related to boating, fishing and aquatic pursuits." (Doc. 22, pp. 8-9).

argues GUB's response improperly fails to identify any facts or documents that show "descriptive fair use" of its marks. (Doc. 63, p. 4).

In GUB's second supplemental response to GSA's Interrogatory No. 2 GUB cited deposition testimony from Huntington James about this issue. (Doc. 63, Ex. A, pp. 5-6). GUB also stated that it contends that all "uses of the GUB marks, even if made part of a trademark application/registration or as a product identifier by GUB, are really used in a descriptive sense in order to refer to the Gulfstream oceanic current that is related to boating, fishing, and aquatic pursuits and which relate to the boat's qualities and characteristics to be unsinkable in the famous gulfstream oceanic current and geographically descriptive of its Florida location on the gulfstream and, more particularly, Tampa Bay where GUB's headquarters near the gulfstream current." (*Id.*).

GUB's second supplemental response to Interrogatory No. 2 is sufficiently detailed and GSA's motion to compel as to this issue is denied.

### 2. Interrogatory No. 11

GSA's Interrogatory No. 11 requests "all facts relating to any alleged use of the GUB Marks by GUB otherwise than as a mark." (Doc. 63, Ex. A, p. 7). GUB objected to Interrogatory No. 11 because it "calls for a legal conclusion and is vague as framed in that 'otherwise than as a mark' is not defined." (*Id.*). GSA argues the wording "otherwise than as a mark" is a quote from the

descriptive fair use defense codified in Section 33(b)(4) of the Lanham Act, 15 U.S.C. § 1115(b)(4) and thus is not vague or undefined. (Doc. 63, p. 3).

GUB's supplemental interrogatory response to Interrogatory No. 11 states the term "otherwise than a mark" is not defined in GSA's Interrogatories but responded (incorporating its response to Interrogatory No. 2):

> . . . In addition, as set forth in its more recent pleadings and moving papers, GUB has used the Gulfstream and/or Gulf Stream mark in a manner that is descriptive of the geographic location of the origin of its products and also of the quality of its boats as being unsinkable in the gulfstream current and with direct reference to the famous ocean current in fair use. Such actions haven been taken by GUB in good faith. All uses of the GUB marks, even if made part of a trademark application/registration or as a product identifier by GUB, are really used in a descriptive sense in order to refer to the Gulfstream oceanic current that is related to boating, fishing, and aquatic pursuits and which relate to the boat's qualities and characteristics to be unsinkable in the famous gulfstream oceanic current and geographically descriptive of its Florida location on the gulfstream and, more particularly, Tampa Bay where GUB's headquarters near the gulfstream current. GUB has never intended to be associated with GSA, or its products or services, nor attempted to use the GUB Marks in a manner that would reference GSA, but rather its marks and naming were made to reference and be associated with the famous oceanic current.

(Doc. 63, Ex. A, pp. 5-6, 8).

GUB's second supplemental response to Interrogatory No. 11 is sufficiently detailed and GSA's motion to compel as to this issue is denied.

### 3. Interrogatory No. 13

GSA's Interrogatory No. 13 requests "each cost or deduction from GUB's gross sales revenues claimed by GUB pursuant to 15 U.S.C. § 1117(a)." (Doc.

63, Ex. A, p. 8). GUB's response states that "GUB has produced confidential financial records in response to this request, Bates Nos. 'GUB fed ct 0001-0008' and 'GUB fed ct 00111-00115.' Additional costs and deductions may be provided by GUB to GSA that show that no net profit has been realized from the operation of GUB from inception to date. [a]dditional costs and deductions may be provided by GUB to GSA . . . ." (*Id.*).

GSA argues if GUB knows of additional costs or deductions responsive to this interrogatory, it must provide them, rather than state it "may" provide them. (Doc. 63, p. 5). GUB agrees to produce monthly financial statements that explain its expense entries and deductions to show that no net profits were obtained by GUB. (Doc. 64, p. 6).

GUB's production of its monthly financial statements satisfies GSA's concerns about GUB's response to Interrogatory No. 13.

\* \* \* \*

Accordingly, GSA's motion to compel (Doc. 61) is **GRANTED in part and DENIED in part**:

(1) By **July 23, 2021**, GUB must provide GSA with revised responses to Interrogatories Nos. 1-5, and 10-11 that remove any objections about discovery being at its inception or ongoing discovery as a basis for an inability to identify facts relating to such responses.

5

(2) By **July 23, 2021**, GUB must begin providing GSA with monthly financial statements in response to Interrogatory No. 13.

(3) The discovery deadline expired on July 2, 2021. (*See* Doc. 49). This order does not extend the discovery deadline but allows belated discovery responses for the limited purpose of complying with this order.

(4) Each party will bear their own attorney's fees and costs in relation to the motion. *See* Fed. R. Civ. P. 37(a)(5)(C).

(5) In all other respects, GSA's motion to compel is denied.

**ORDERED** in Tampa, Florida on July 14, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge